# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHRYN D'AMBOLA AND<br>CHRISTOPHER D'AMBOLA, her husband,<br><br>Plaintiffs,<br>vs.<br><br>DAILY HARVEST, INC., JOHN DOES 1-10<br>(fictitious names representing unknown<br>defendants), and ABC CORPS. 1-10 (fictitious<br>names representing unknown defendants),<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL OF DEFENDANT
## DAILY HARVEST, INC.

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Daily Harvest, Inc. ("Daily Harvest"), by and through its counsel, Faegre Drinker Biddle & Reath LLP, timely removes this action, *Kathryn D'Ambola and Christopher D'Ambola, her husband, v. Daily Harvest, Inc., et al.* (the "Action"), from the Superior Court of New Jersey, Law Division, Union County, where it bears Docket No. UNN-L-2250-22, to the United States District Court for the District of New Jersey.  In support of removal, Daily Harvest states as follows:

*Venue*

1.       Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  This Court is the proper removal venue because the Action is pending in Union County, which is embraced by the United States District Court of the District of New Jersey.  *See generally* **Exhibit A**, Pls.' Compl.

*Jurisdiction*

2.       Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts [of the United States] have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Here, removal is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000.

*Diversity of Citizenship*

3.       To satisfy the diversity of citizenship requirement, "no plaintiff can be a citizen of the same state as any of the defendants." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).  An individual is a citizen of the state in which he or she is domiciled.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344

(3d Cir. 2011). A corporation is a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Diversity of citizenship exists here.

4. Plaintiffs are individuals residing in Union County, New Jersey. *See* **Exhibit A**, Pls.' Compl. ¶ 1.

5. Daily Harvest is incorporated in the State of Delaware. *See* **Exhibit B**, Declaration of Ricky Silver, at ¶ 2.

6. Daily Harvest's principal place of business is in New York, New York. *See id.*

7. Defendants John Does 1-10 and ABC Corps. 1-10 are fictitiously named, therefore, their citizenship must be disregarded for purposes of determining federal diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

8. Complete diversity of citizenship therefore exists because Plaintiffs are citizens of New Jersey and Daily Harvest is a citizen of Delaware and New York.

*Amount in Controversy*

9. Removal under 28 U.S.C. § 1332(a) also requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. Here, Plaintiff Kathryn D'Ambola brings claims for strict liability, breach of warranty, negligence, and statutory violations under New Jersey law. *See generally* **Exhibit A**, Pls.' Compl.

11. Plaintiffs' Complaint alleges Kathryn D'Ambola became severely ill after ingesting a Daily Harvest product, French Lentil + Leek Crumbles ("the Crumbles"). *See id.*, ¶¶ 12-23.

12. Specifically, Kathryn D'Ambola alleges that as a result of cooking and eating the Crumbles, she experienced "progressively intense back pain," "extreme pain radiating through her middle to upper abdomen, as well as through her back and shoulders," "aggressive[] vomiting," "extreme back pain and cramps," and "pain located in the gallbladder area." *See id.*, ¶¶ 13-14, 19-20. Mrs. D'Ambola also avers that the Crumbles resulted in her experiencing "a fever of 102 deg" and "chills and body aches." *See id.*, ¶ 21.

13. Kathryn D'Ambola further alleges that the Crumbles resulted in her: (1) being hospitalized three times, including at least two overnight hospital stays; (2) medical tests revealing "elevated liver enzymes," and (3) undergoing "laparoscopic gallbladder surgery . . . for removal of her gallbladder." *See id.*, ¶¶ 15-21.

14. Kathryn D'Ambola further avers that she "has experienced severe distress, including significant weight loss, pain, trouble focusing, [and] emotional trauma," and that this has also required her to have "substantial time off from work." *See id.*, ¶ 22. Mrs. D'Ambola also alleges that she "has sustained serious permanent personal injuries; suffered, and will continue to suffer, significant pain and other physical discomfort; incurred, and will continue to incur, substantial medical expenses; emotional and mental distress; and remains at risk for future health complications." *See id.*, ¶ 23.

15. Plaintiff Christopher D'Ambola also brings a derivative claim for loss of consortium of his wife, Kathryn D'Ambola. *See id.*, ¶¶ 47-49; *Tichenor v. Santillo*, 218 N.J. Super. 165, 173 (App. Div. 1987) (In New Jersey, "[g]enerally, a claim for loss of consortium is derivative of the injured spouse's cause of action against the tortfeasor."). Mr. D'Ambola alleges that he "has been and continues to be deprived of the love, services, and consortium of the Plaintiff, Kathryn D'Ambola, and otherwise has been and is being compelled to expend sums of money for the care, cure, and treatment of the Plaintiff, Kathryn D'Ambola." *See id.*, ¶ 49.

16. Plaintiffs also request attorney's fees in addition to their requests for compensatory damages. *See generally* **Exhibit A**, Pls.' Compl., each *ad damnum* clause.

17. Although Daily Harvest disputes its liability to Kathryn D'Ambola in any amount, and certainly would dispute that Kathryn D'Ambola is entitled to more than $75,000, there can be no doubt that the allegations of serious, permanent, and ongoing injuries, including, but not limited to, the surgical removal of Kathryn D'Ambola's gallbladder, elevated liver enzymes, significant weight loss, significant physical pain, emotional and mental distress, large expenses for medical care and treatment, and interruptions to her employment facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Yocham v. Novartis Pharms. Corp.*, Civ. No. 07-1810 (JBS), 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) ("it appears from the face of the [c]omplaint that the amount in controversy exceeds $75,000" because "[i]n her [c]omplaint, [p]laintiff alleges, among other things, damages relating to having experienced a . . . condition . . . which resulted in hospitalization . . . [and] [p]laintiff also seeks compensatory damages for 'past, present, and future pain and suffering,' lost earnings, [and] past and future medical expenses") (citation omitted); *Wishnia v. Whole Foods Market, Inc.*, No. 19-6483 (SRC), 2019 WL 1147931, at *3 (D.N.J. Mar. 12, 2019) (finding that the complaint's allegations of "severe and permanent" and "extreme" injuries were sufficient to place the defendant on notice that "the amount of damages at issue in this action exceeded $75,000"); *Bukowiecki v. Dollar Gen. Store*, Civ. No. 18-16464 (SRC), 2019 WL 449203, at *3 (D.N.J. Feb. 5, 2019) (same); *Gutfierrez v. Pennington*, Civ. No. 06-3070, 2006 WL

8460382 (E.D. Pa. Sept. 15, 2006) (denying the plaintiff's motion to remand based on amount in controversy for similar reasons); *Shaw v. Thrift Drug, Inc.*, No. 98-5170, 1998 WL 848103, at *1-2 (E.D. Pa. Dec. 4, 1998) (finding amount in controversy requirement satisfied where the plaintiffs alleged variety of damages, including bodily injury, medical bills, pain and suffering, and loss of earning); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the [c]ourt finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000").

18. Moreover, Plaintiffs' Complaint does ***not*** expressly disclaim damages and fees above $75,000. *See generally* **Exhibit A**, Pls.' Compl.

19. Thus, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.

### *Procedural Requirements*

20. A removing defendant is required to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process,

7

pleadings, and orders served upon [the removing defendant]." 28 U.S.C. § 1446(a). Here, Daily Harvest has satisfied this requirement by filing this Notice of Removal along with a true and correct copy of all process, pleadings, and orders served in the Action, attached hereto as **Exhibit C**.

21.     Removal is timely because Daily Harvest was served with Plaintiffs' Complaint on September 28, 2022.  **Exhibit B**, Declaration of Ricky Silver, at ¶ 3; *see* 28 U.S.C. § 1446(b)(1).

22.     Written notice of this Notice of Removal will be delivered to counsel for Plaintiffs immediately following its filing and Daily Harvest will also promptly file a copy of this Notice of Removal with the Superior Court of New Jersey, Law Division, Union County.

23.     Daily Harvest is contemporaneously paying the necessary filing fee in this Court and filing a Civil Cover Sheet.

24.     Daily Harvest will file the Rule 7.1 Disclosure Statement Form following the filing of this Notice of Removal.

25.     By removing this action to this Court, Daily Harvest does not waive any defenses that are available to it under state or federal law.  Daily Harvest expressly reserves the right to move to dismiss or for judgment pursuant to Federal Rules of Civil Procedure 12 and 56.

WHEREFORE, Daily Harvest gives notice that the civil action docketed as *Kathryn D'Ambola and Christopher D'Ambola, her husband, v. Daily Harvest, Inc., et al.*, Docket No. UNN-L-2250-22 in the Superior Court of New Jersey, Law Division, Union County, is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: October 28, 2022

Respectfully submitted,

DAILY HARVEST, INC. by its attorneys

/s/ *Jeffrey S. Jacobson*
Jeffrey S. Jacobson (NJ Id. No. 000772011)
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
(212) 248-3140
jeffrey.jacobson@faegredrinker.com

Justin M. Ginter (NJ Id. No. 127472015)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7000
justin.ginter@faegredrinker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2022, a true and correct copy of the foregoing Notice of Removal of Defendant Daily Harvest, Inc. was filed and served on all counsel of record via the Court's electronic filing system and USPS First Class Mail as set forth below:

David M. Paris, Esquire
Kristen Jones, Esquire
PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO LLC
360 Passaic Ave.
Nutley, NJ 07110
dparis@pirozinnalaw.com
kjones@pirozinnalaw.com

*Counsel for Plaintiffs*

/s/ *Jeffrey S. Jacobson*
Jeffrey S. Jacobson