PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, LLC
David M. Paris, Esq. (NJ ID #012831978)
Kristen Jones, Esq. (NJ ID #022362010)
360 Passaic Avenue
Nutley, New Jersey 07110
Tel: 973-661-0710 / Fax: 973-661-5157
Email: [dparis@pirozinnalaw.com](dparis@pirozinnalaw.com)
Email: [kjones@pirozinnalaw.com](kjones@pirozinnalaw.com)
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATHRYN D'AMBOLA AND CHRISTOPHER D'AMBOLA, her husband,<br><br>      Plaintiffs,<br>vs.<br><br>DAILY HARVEST, INC., SECOND BITE FOODS, INC. d/b/a STONE GATE FOODS, SMIRK'S, LTD., JOHN DOES 1-10 (fictitious names representing unknown defendants), and ABC CORPS. 1-10 (fictitious names representing unknown defendants),<br><br>      Defendants. | **Case No.: 2:22-cv-06316**<br><br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs, Kathryn D'Ambola and Christopher D'Ambola, her husband, by and through their attorneys, PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, LLC, by way of Complaint against the above captioned Defendants, herein state:

## THE PARTIES

1. At all times relevant hereto, Plaintiffs, Kathryn D'Ambola and Christopher D'Ambola, her husband, (hereinafter "Plaintiff") were and are individuals residing at 341 Walnut Avenue, in the Township of Cranford, County of Union and State of New Jersey.

2. At all times relevant hereto, Defendant, Daily Harvest, Inc., (hereinafter "Daily Harvest") is incorporated in the State of Delaware, with their headquarters and principal place of business located at 37 West 20th Street, New York, New York 10011.

3. At all times relevant hereto, Defendant, Second Bite Foods, Inc. d/b/a Stone Gate Foods, (hereinafter "Stone Gate") is incorporated in the State of Minnesota, with their headquarters and principal place of business located at 4218 Valley Industrial Blvd. S., Shakopee, Minnesota 55379.

4. At all times relevant hereto, Defendant, Smirk's, Ltd., (hereinafter "Smirk's") is headquartered in the State of Colorado, with their principal address at 17601 US Highway 34, Fort Morgan, Colorado, 80701.

5. Defendants, John Does 1-10, are fictitious names representing currently unknown and/or unidentifiable entities that at all times relevant hereto manufactured, produced, formulated, packaged, distributed or sold consumable food products utilizing the name "Daily Harvest".

6. Defendant, ABC Corps. 1-10, (said names being fictitious), (hereinafter "ABC"), are fictitious names representing currently unknown and/or unidentifiable entities that supplied products and/or ingredients to Defendants, Daily Harvest, Inc., and/or John Does. 1-10, at all times relevant hereto, for inclusion into food products sold utilizing the name "Daily Harvest".

7. At all times relevant hereto, Defendants Daily Harvest, Inc., John Does 1-10, and ABC Corps. 1-10, systemically served the New Jersey market through offering, selling, and distributing food products from their website and otherwise into the stream of commerce in New Jersey.

8. Plaintiffs received and ingested Defendant's contaminated product in the State of New Jersey.

## FACTUAL BACKGROUND

9. On or about April 1, 2022, Plaintiff, Kathryn D'Ambola, first became a customer of Daily Harvest's weekly subscription meal plans.

10. On or about April 28, 2022, Daily Harvest announced the launch of the *Crumbles* product line, including the now-recalled *French Lentil + Leek Crumbles*. Upon information and belief, Defendant Daily Harvest also developed the recipe for the aforementioned food product.

11. Defendant Daily Harvest marketed these *French Lentil + Leek Crumbles* as a convenient, pre-made item that, after sauteing,

3

can be added to other products, including those produced and marketed by the Defendant, for a complete meal.

12.  Defendant Daily Harvest packages, distributes and/or sells, directly all of its products, including the *French Lentil + Leek Crumbles*, to customers through online sales, through its own standalone retail stores in Chicago and Los Angeles. Additionally, Defendant provides samples to a small number of customers, including "social media influencers", to increase visibility and, ultimately, sales of the products.

13.  Upon information and belief, Defendant Stone Gate Foods was the manufacturer of the product at issue, *the French Lentil + Leek Crumbles*, which was later distributed by Daily Harvest.

14.  Upon information and belief, Defendant Smirk's was the supplier of the Tara flour ingredient included in the *French Lentil + Leek Crumbles,* which is product at issue in this case.

15.  Plaintiff, Kathryn D'Ambola, purchased, through online subscription, Defendant's *French Lentil + Leek Crumbles*. On or about May 24, 2022, Daily Harvest delivered to Plaintiff a weekly subscription box, which included the *French Lentil + Leek Crumbles*.

16.  On or about June 3, 2022, Plaintiff ate the aforementioned Daily Harvest *Crumbles* for lunch.

17.  Over the next few hours, Plaintiff began to experience progressively intense back pain, and later that evening, Plaintiff

4

experienced extreme pain radiating through her middle to upper abdomen as well as through her back and shoulders.

18. Plaintiff was soon doubled over with pain and began aggressively vomiting. Plaintiff then went to the Emergency Room at Overlook Medical Center for medical care.

19. Plaintiff remained at Overlook Medical Center from about 9 p.m. on June 3, 2022, through the following day, June 4, 2022, until approximately 1:00 pm.

20. The following day, on or about June 5, 2022, Plaintiff's pain increased, and she went to the Morristown Memorial Hospital Emergency Room.

21. On or about June 6, 2022, Plaintiff underwent laparoscopic gallbladder surgery at Morristown Memorial Hospital for the removal of her gallbladder.

22. Plaintiff was discharged from the hospital on, or about, June 7, 2022. She progressively began eating and tolerating foods.

23. Then, on June 14, 2022, Plaintiff and her husband, Christopher D'Ambola, ate the Daily Harvest *Crumbles* for lunch. That same night, both Plaintiff and her husband experienced extreme back pain and cramps.

24. Notably, both Kathryn and Christopher D'Ambola each experienced pain located in the gallbladder area.

25. On or about June 15, 2022, Plaintiff, Kathryn D'Ambola, suffered a fever of 102 deg, and suffered from chills and body

5

aches. She then endured a hospital stay that involved a number of tests performed on her, which revealed elevated liver enzymes.

26. Since then, Plaintiff, Kathryn D'Ambola, has experienced severe distress, including significant weight loss, pain, trouble focusing, emotional trauma, as well as substantial time off from work.

27. Plaintiff, Kathryn D'Ambola, has sustained serious permanent personal injuries; suffered, and will continue to suffer, significant pain and other physical discomfort; incurred, and will continue to incur, substantial medical expenses; emotional and mental distress; and remains at risk for future health complications.

## FIRST COUNT

28. Plaintiffs repeat the allegations of the preceding paragraphs of this Complaint in their entirety, as if same were set forth at length herein.

29. At all times relevant hereto, Defendants, Daily Harvest, Inc., Smirk's Ltd., Stone Gate Foods, and/or Defendants, John Does and ABC Corps., manufactured, packaged, distributed, and/or sold the contaminated *French Lentil + Leek Crumbles* food product, and/or its component ingredients, that was purchased and consumed by Plaintiffs.

30. The contaminated food product that the Defendants manufactured, packaged, distributed, and/or sold was, at the time

it left the Defendants' control, defective and unreasonably dangerous for its ordinary and expected use by the intended public, including Plaintiffs, because Defendants' product was contaminated by a substance injurious to human health.

31. The contaminated food product that the Defendants formulated, manufactured, packaged, distributed, and/or sold was delivered to the Plaintiffs without any change in its defective condition. The contaminated food product that the Defendants manufactured, packaged, distributed, and/or sold was used by Plaintiffs in the manner expected and intended.

32. The Defendants owed a duty of care to the public, including Plaintiffs, to formulate, manufacture, package, distribute and/or sell food that was not contaminated, that was fit for human consumption, that was reasonably safe in its components and construction, and that was free of pathogens or other substances injurious to human health. The Defendants breached this duty.

33. The Defendants owed a duty of care to the public, including Plaintiffs, to manufacture, package, distribute, and/or sell food that was fit for human consumption, and that was safe to consume to the extent contemplated by a reasonable consumer. The Defendants breached this duty.

34. As a direct and proximate result of the defective and unreasonably dangerous condition of the contaminated food product

that the Defendants manufactured, packaged, distributed and/or sold, as set forth above, Plaintiffs sustained severe permanent injuries and damages.

**WHEREFORE**, Plaintiffs, Kathryn D'Ambola and Christopher D'Ambola, her husband, demand judgment against the Defendants, Daily Harvest, Inc., Smirk's Ltd., Second Bite Foods, Inc. d/b/a Stone Gate Foods, John Does 1-10, and ABC Corps. 1-10, jointly, severally, and individually, for compensatory damages, together with interest, attorney's fees, and costs of suit.

## SECOND COUNT

35. Plaintiffs repeat the allegations of the preceding paragraphs of this Complaint in their entirety, as if same were set forth at length herein.

36. The Defendants are liable to the Plaintiffs for breaching express and implied warranties that it made regarding its food product that Plaintiffs purchased and consumed. These express and implied warranties include the implied warranties of merchantability and/or fitness for a particular use. Specifically, the Defendants expressly warranted, through their sale of food to the public and by the statements and conduct of their employees and agents, that the food it formulated, manufactured, packaged, distributed, and/or sold was fit for human consumption and not otherwise adulterated, contaminated, or injurious to health.

8

37. The contaminated food that the Defendants sold to Plaintiffs was not fit, suitable and safe without exception in the trade and Defendants were therefore in breach of the implied warranty of merchantability.

38. The contaminated food sold to Plaintiffs was not fit for the uses and purposes intended, *i.e.*, human consumption; thus, the sale of this product to Plaintiffs constituted a breach of the implied warranty of fitness for its intended use.

39. As a direct and proximate result of Defendants' breach of warranties as set forth above, Plaintiffs sustained severe permanent injuries and damages.

**WHEREFORE**, Plaintiffs, Kathryn D'Ambola and Christopher D'Ambola, her husband, demand judgment against the Defendants, Daily Harvest, Inc., Smirk's Ltd., Second Bite Foods, Inc. d/b/a Stone Gate Foods, John Does 1-10, and ABC Corps. 1-10, jointly, severally, and individually, for compensatory damages, together with interest, attorney's fees, and costs of suit.

### THIRD COUNT

40. Plaintiffs repeat the allegations of the preceding paragraphs of this Complaint in their entirety, as if same were set forth at length herein.

41. Defendants owed to Plaintiffs a duty to use reasonable care in the formulation, manufacture, packaging, distribution, and/or sale of its food product, the observance of which duty would

9

have prevented or eliminated the risk that Defendant's food product would become contaminated and/or otherwise dangerous. Defendants, however, breached this duty and were therefore negligent.

42. Defendants had a duty to comply with all federal, state, and local laws, regulations, safety codes, and provisions pertaining to the formulation, manufacture, distribution, storage, and sale of its food product, but failed to do so, and were therefore negligent. Plaintiffs were among the class of persons designed to be protected by these statutes, laws, regulations, safety codes, and provisions pertaining to the formulation, manufacture, packaging, distribution, and sale of similar food products. Defendants, however, breached this duty and were therefore negligent.

43. Defendants had a duty to properly supervise, train, and monitor its respective employees, and to ensure that its respective employees complied with all applicable statutes, laws, regulations, safety codes, and provisions pertaining to the formulation, manufacture, distribution, packaging, and sale of similar food products. Defendants, however, breached this duty and were therefore negligent.

44. Defendants had a duty to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, and free of defects, and that otherwise complied with applicable federal, state, and local laws, ordinances, regulations, codes,

10

and provisions, and that were clean, free from adulteration, and safe for human consumption. Defendants, however, breached this duty and were therefore negligent.

45. As a direct and proximate result of Defendants' negligence as set forth above, Plaintiffs sustained severe permanent injuries and damages.

**WHEREFORE**, Plaintiffs, Kathryn D'Ambola and Christopher D'Ambola, her husband, demand judgment against the Defendants, Daily Harvest, Inc., Smirk's Ltd., Second Bite Foods, Inc. d/b/a Stone Gate Foods, John Does 1-10, and ABC Corps. 1-10, jointly, severally, and individually, for compensatory damages, together with interest, attorney's fees, and costs of suit.

## FOURTH COUNT

46. Plaintiffs repeat the allegations of the preceding paragraphs of this Complaint in their entirety, as if same were set forth at length herein.

47. Defendants, jointly, severally, and/or individually, had a duty to comply with all statutory and regulatory provisions that pertained or applied to the formulation, service, production, distribution, storage, labeling and sale of the food it served and/or sold, including but not limited to N.J.S.A. 24:5-1 et. seq., all of which prohibit the sale of food that has been adulterated or is otherwise injurious to health.

11

48. The *Crumbles* that were formulated, manufactured, served, distributed, sold, and/or packaged by Defendants and consumed by Plaintiffs in June of 2022 as aforesaid, constitute food that was adulterated or otherwise injurious to human health in violation of the aforesaid statutory and regulatory provision, including but not limited to N.J.S.A. 24:5-1 et. seq.

49. The Defendants violated the applicable statutory and regulatory provisions, including but not limited to, N.J.S.A. 24:5-1 et. seq., by providing Plaintiffs with the contaminated *Crumbles*.

50. As a direct and proximate result of the actions of Defendants as set forth above, Plaintiffs sustained severe permanent injuries and damages.

**WHEREFORE**, Plaintiffs, Kathryn D'Ambola and Christopher D'Ambola, her husband, demand judgment against the Defendants, Daily Harvest, Inc., Smirk's Ltd., Second Bite Foods, Inc. d/b/a Stone Gate Foods, John Does 1-10, and ABC Corps. 1-10, jointly, severally, and individually, for compensatory damages, together with interest, attorney's fees, and costs of suit.

## FIFTH COUNT

51. Plaintiffs repeat the allegations of the preceding paragraphs of this Complaint in their entirety, as if same were set forth at length herein.

52. At all times mentioned herein, Plaintiff, Christopher D'Ambola, was and is the lawful husband of Plaintiff, Kathryn D'Ambola, and as such was and is entitled to her love, services, and consortium.

53. As a direct and proximate result of the aforementioned actions committed by Defendants, the Plaintiff, Christopher D'Ambola, has been and continues to be deprived of the love, services, and consortium of the Plaintiff, Kathryn D'Ambola, and otherwise has been and is being compelled to expend sums of money for the care, cure, and treatment of the Plaintiff, Kathryn D'Ambola.

**WHEREFORE**, Plaintiffs, Kathryn D'Ambola and Christopher D'Ambola, her husband, demand judgment against the Defendants, Daily Harvest, Inc., Smirk's Ltd., Second Bite Foods, Inc. d/b/a Stone Gate Foods, John Does 1-10, and ABC Corps. 1-10, jointly, severally, and individually, for compensatory damages, together with interest, attorney's fees, and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all matters herein.

**CERTIFICATION UNDER LOCAL CIVIL RULE 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in this or any other Court, or of a pending arbitration proceeding, now or contemplated, and that no other parties should be joined in this action at this time.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1**

I hereby certify that the above-captioned matter is not the subject to compulsory arbitration because Plaintiffs seek damages in excess of $150,000.

                        PIRO, ZINNA, CIFELLI, PARIS & GENITEMPO, LLC
                        Attorneys for Plaintiffs

                        */s/ David M. Paris*
By:  _____
                        DAVID M. PARIS, ESQ.
                        Member of the firm

Dated: November 21, 2022.